Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 4765 | DATE | 11/2/2000 |
| CASE TITLE | Branch et al vs. Costa et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Defendant's motion (Doc 4-1) to dismiss is granted as to defendant Gregory Costa for insufficient service of process and as to defendants State of Illinois and Illinois Department of Revenue for failure to state a claim on any count.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | NOV 6 2000 | |
| | Notified counsel by telephone. | | date docketed | 8 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | FILED FOR DOCKETING 00 NOV -2 PM 5:03 | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRACEY BRANCH,                              )
ANGELO HERNANDEZ,                           )
PATRICK GRANDBERRY and                      )
BOBBIE SMITH,                               )
                                            )
                    Plaintiffs,             )
                                            )
vs.                                         )        00 C 4765
                                            )
GREGORY COSTA, Star #223                    )
individually and as Special Agent and       )
employee of the Illinois Department of      )
Revenue, ILLINOIS DEPARTMENT OF             )
REVENUE, and the STATE OF ILLINOIS,         )
                                            )
                    Defendants.             )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on the motion of Defendants Gregory Costa, the Illinois Department of Revenue, and the State of Illinois to dismiss the complaint. For the reasons set forth below, we grant Defendants' motion.

### BACKGROUND

For the purposes of this motion, we must assume the truth of the facts alleged in the complaint, namely: Gregory Costa is a Special Agent with the Illinois Department of Revenue. Sometime prior to December 9, 1998, Agent Costa reported

to an Assistant Attorney General, without cause, that Plaintiffs Tracey Branch, Angelo Hernandez, Patrick Grandberry, and Bobbie Smith (collectively, "Plaintiffs") had knowingly and willfully failed to pay income taxes and that therefore they were in violation of Illinois Compiled Statutes Chapter 35, Sections 5/505(a)(2) and 5/1301. Agent Costa's statements were false, since Plaintiffs, police officers with the Village of Maywood, had in fact reported and timely paid the state taxes due by them in compliance with all applicable laws. Nevertheless, in reliance on Agent Costa's report, the Illinois Attorney General pursued an indictment against Plaintiffs. At the Grand Jury proceedings on December 9, 1998, Agent Costa knowingly gave false and perjurious testimony to the effect that Plaintiffs had failed to file Illinois State Income Tax Returns. Plaintiffs were indicted for income tax fraud. On January 12, 1999, Plaintiffs were arraigned and entered pleas of not guilty. They were tried in four separate trials and all were found not guilty.

Plaintiffs' three-count complaint alleges § 1983 malicious prosecution, state law malicious prosecution, and intentional infliction of emotional distress against Agent Costa, the Illinois Department of Revenue, and the State of Illinois (collectively, "Defendants"). Defendants have moved to dismiss the complaint for insufficient service of process on Gregory Costa and for failure to state a claim as to any of the three counts.

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. Defendants must meet a high standard in order to have a complaint dismissed for failure to state a claim upon which relief may be granted. In ruling on a motion to dismiss, the court must construe the complaint's allegations in the light most favorable to the plaintiff and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. Bontkowski v. First National Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Hartford Fire Insurance Co. v. California, 509 U.S. 764 (1993); Sherwin Manor Nursing Center, Inc. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir. 1994). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992).

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court is limited to the allegations contained in the pleadings themselves. Documents incorporated by reference into the pleadings and documents attached to the pleadings as exhibits are considered part of the pleadings for all purposes. Fed. R. Civ. P.

10(c). In addition, "[d]ocuments that a defendant attaches to a motion to dismiss are considered a part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir. 1993). It is with these principles in mind that we turn to the motion before us.

## DISCUSSION

### I. Service of process

Plaintiffs served Defendant Costa, who is sued in his individual and official capacities, by leaving a copy of the complaint with a receptionist at the Illinois Department of Revenue. Under Federal Rule of Civil Procedure 4(e), service upon an individual within a judicial district of the United States may be effected by delivering copies of the summons and complaint to an agent authorized by appointment or by law to receive service of process. Plaintiffs state summarily that the Department of Revenue receptionist was so authorized, but Defendants deny it. Without evidence that the receptionist was authorized to receive service of process on Costa's behalf, we must dismiss the claims against Costa pursuant to Rule 12(b)(5).

### II. §1983 and Sovereign Immunity

The Eleventh Amendment bars a plaintiff from bringing suit in federal court against a state unless the state has waived its immunity, or Congress has used its powers under the Fourteenth Amendment to abrogate that immunity. Atascadero

State Hospital v. Scanlon, 473 U.S. 234, 238. Plaintiffs have nevertheless sued Defendants for malicious prosecution under §1983, which creates liability for "[e]very person" who commits a civil rights violation as defined in the statute. It is well-settled that states are not "persons" within the meaning of §1983. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). States, their agencies, and state officials acting in their official capacities are therefore immune from suit under § 1983. Id.

Accordingly, the § 1983 claims against the State of Illinois and the Illinois Department of Revenue are dismissed for failure to state a claim. Even if service of process had been properly effectuated on Defendant Costa, the "official capacity" § 1983 claims against him would fail for the same reasons.

### III. State law tort claims

Defendants allege that Counts II and III of Plaintiffs' complaint allege state law tort claims for which Defendants are immune to suit in federal court. State rules of immunity are binding in federal court with respect to state causes of action. Benning v. Bd. of Regents of Regency Universities, 928 F.2d 775, 777 (7th Cir. 1991). The Illinois State Lawsuit Immunity Act, 705 ILCS 505/9(d) (1996), renders the state and its agencies immune from suit in any court, subject to the provisions of the Court of Claims Act. That Act grants the Illinois Court of Claims exclusive jurisdiction over "[a]ll claims against the state founded upon any law of the State of Illinois, or upon any regulation thereunder by an executive or administrative officer or agency" and

"all claims...for damages sounding in tort." 705 ILCS 505/8 (1996). Counts II and III of Plaintiffs' complaint set forth state law tort claims of malicious prosecution and intentional infliction of emotional distress. To the extent that these claims are alleged against the State of Illinois or the Department of Revenue, they are clearly barred under Illinois law.

Because Gregory Costa was not properly served in this matter, we do not reach Defendants' arguments that the Illinois Court of Claims has exclusive jurisdiction over Plaintiffs' tort claims against him as well.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted as to Defendant Gregory Costa for insufficient service of process and as to Defendants State of Illinois and Illinois Department of Revenue for failure to state a claim on any count.

_____
Charles P. Kocoras
United States District Judge

Dated: __November 2, 2000__